**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROOSEVELT SMITH                                                                                         PLAINTIFF

V.                                            4:12CV00219-KGB-JTK

RICK EMERSON, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**DISPOSITION**

**I.     Introduction**

This matter is before the Court on Defendant Nutt's Motion for Summary Judgment (Doc. No. 40). By Order dated February 5, 2013, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the Order, and cautioned him that failure to respond could result in "(a) all of the facts set forth in Defendant's summary judgment paper being deemed admitted," or "(b) the dismissal of this action, without prejudice...." (Doc. No. 43). The Court later granted Plaintiff's request for an additional fifteen days in which to respond, on February 28, 2013 (Doc. No. 45), again cautioning him that failure to respond could result in the dismissal without prejudice of his lawsuit. As of this date, Plaintiff has not responded to Defendant's Motion.[1]

---

[1] Since Plaintiff failed to file a Response in accordance with this Court's February 5, 2013, and February 28, 2013 Orders (Doc. Nos. 43, 45), the Court could dismiss this action, without prejudice, for failure to prosecute, pursuant to Local Rule 5.5(c)(2). However, the Court chooses to address Defendant's summary judgment arguments and to deem admitted his Statement of Facts (Doc. No. 42).

2

Plaintiff filed this action while incarcerated at the Conway County Detention Facility, alleging excessive force in violation of his constitutional rights (Doc. No. 2).[2] On May 7, 2012, this Court directed Plaintiff to submit a superseding Amended Complaint which contained all claims against all Defendants, noting that "an Amended Complaint renders his original Complaint without legal effect." (Doc. No. 5, p. 3). In his Amended Complaint, he named Joe Nutt and Jason Mehler as the only Defendants, and did not indicate the capacity in which he sued them. (Doc. No. 10-1, p. 1.) By Order dated August 20, 2012 (Doc. No. 28), the Court dismissed all Defendants except Defendant Nutt, for failure to state a claim upon which relief may be granted. (Doc. No. 28.)

Plaintiff's allegations against Defendant Nutt, an investigator with the Morrilton Police Department, are that Nutt "jump[ed]" Plaintiff while investigating him, and did not inform him of his Miranda rights. (Doc. No. 10-1, p. 2.)

## II.  Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot

---

[2]Plaintiff has since filed notices of changes in his address, indicating his release from incarceration (Doc. Nos. 23, 30, 39).

3

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendant asks the Court to dismiss Plaintiff's Complaint against him because he did not specify the capacity in which he was suing him, stating that when a plaintiff sues a public official and does not specify the capacity, the courts construe the complaint as against the defendants in their official capacities. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  And a claim against Defendant in his official capacity is essentially a claim against the City of Morrilton, which cannot be held liable unless Plaintiff alleges that a city policy or custom, or a pattern of widespread unconstitutional conduct caused him harm. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).  Defendant states that because Plaintiff does not allege or prove an unconstitutional city policy, custom, or practice behind the alleged violation of his rights, his Complaint against Defendant should be dismissed.

An official may be sued in his individual capacity or official capacity, or both, in actions filed pursuant to § 1983.  In order to ensure proper notice of liability, the United States Court of Appeals for the Eighth Circuit requires that plaintiffs specifically plead the capacities in which they are suing the defendants. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). See also Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999).  Therefore, when a plaintiff fails to state whether he is suing an official in his individual or official capacity, the Eighth Circuit construes the claim to be against the official in his official capacity only. Johnson, 172 F.3d at 535.  Although some courts

in cases filed by pro se plaintiffs have liberally construed their pleadings as asserting individual capacity claims against the defendants,[3] this Court does not choose to deviate from Eighth Circuit precedent in this case, especially since Plaintiff did not specifically plead the capacity in which he sued Defendant, and did not file a Response to the Motion to clarify the capacity he intended.

Since the Court construes Plaintiff's claim as against Defendant in his official capacity, the claim essentially is one against Defendant's employer, the City of Morrilton.  Although a city may be held liable if Defendant's action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated," Plaintiff does not allege that Defendant's actions were the result of an official policy or widespread custom of the city.  See Springdale Education Ass'n v. Springdale School District, 133 F.3d 649, 651 (8th Cir. 1998); see also Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 976 (8th Cir. 1993).  Not only does Plaintiff not allege a policy or custom permitting excessive force, but Defendant provides (in support of his Motion) the Morrilton Police Department Handbook, which prohibits the use of excessive force by police department personnel.  (Doc. No. 40-1, p. 10.)  Therefore, absent an allegation against Defendant in his individual capacity, or an alleged unconstitutional policy of Defendant's employer, the City of Morrilton, the Court finds that Plaintiff's claim against Defendant should be dismissed.

---

[3]See Andrews v. Ferguson, 2010 WL 3853070 *7 (W.D.Ark.), and Prichard v. Phillips, 2006 WL 401785 *3-4 (W.D.Ark.), where the court stated, "the court has an obligation to liberally construe a pro se complaint" and "despite the teachings of the Eighth Circuit cases that require a plaintiff to specifically plead an individual capacity claim, we construe Prichard's complaint to be asserting both individual and official capacity claims."

**III.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 40) be GRANTED, and Plaintiff's claims against Defendant be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that all other pending motions be DENIED as moot.

IT IS SO RECOMMENDED this 19th day of March, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE